UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
WILLIAM J. LUNDREGAN, )
EXECUTOR OF THE ESTATE )
OF THOMAS A. SMITH )
   Plaintiff/Appellant )
                        )     Bankruptcy Appeal
v.                      )     C.A. No. 05-CV-11557
                        )
LUKE STEVENS AND )
JOSEPH M. RYAN, )
TRUSTEE OF MT. VERNON )
REALTY TRUST )
   Defendants/Appellees )
                        )

BRIEF OF APPELLEE

MT. VERNON REALTY TRUST

Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

Dated: August 29, 2005

TABLE OF CONTENTS


TABLE OF CONTENTS

Statement of the Case ............................................................................. 1

Issues ............................................................................................................. 2

Introduction ................................................................................................ 2

Facts ............................................................................................................... 2

Argument ..................................................................................................... 4

Conclusion ................................................................................................... 9

TABLE OF CASES

Bradley v. Bradley,
Tex.Civ.App. 540 S.W.2d 504, 511 .................................................... 7

Hasbro, Inc. v. Serafino,
37 F.Supp.2d 94, 97-98 (D.Mass. 1999) ............................................ 5

Millett v. Temple,
280 Mass. 543, 549-549 and 551-552 (1932) ................................... 6

TABLE OF AUTHORITIES

M.G.L. c.109a, §5(a)(1) ............................................................................ 5

Black's Law Dictionary ............................................................................ 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM J. LUNDREGAN, )
EXECUTOR OF THE ESTATE )
OF THOMAS A. SMITH )
    Plaintiff )
                               )   Bankruptcy Appeal
v.                       )   C.A. No. 05-CV-11557

LUKE STEVENS AND )
JOSEPH M. RYAN, )
TRUSTEE OF MT. VERNON )
REALTY TRUST )
    Defendant )

## BRIEF OF APPELLEE,

### JOSEPH RYAN, TRUSTEE OF MT. VERNON REALTY TRUST

The Appellee, Joseph Ryan, Trustee of the Mt. Vernon Realty Trust (hereinafter "Ryan") agrees with the basis of appellate jurisdiction recited by the Appellant.

### STATEMENT OF THE CASE

Ryan has no additions to the Statement of the Case submitted by the Appellant except as follows:

Ryan denies the inference in the last sentence on page 11 of the Brief of the Appellant that Mrs. Stevens allowed sufficient time to pass to avoid any gift tax liability by instructing the bank to forgive amounts totaling approximately $60,000.00. Trial Exhibit 14 indicates no such intention.

Ryan agrees with the recitation of the Appellant relative to the applicable standard of review, namely this Court reviews conclusions of law on a de novo basis and accepts the bankruptcy judge's findings of fact unless they are clearly erroneous.

## ISSUES

The Appellant has indicated four issues as the issues to be presented on appeal. Only one issue, issue number 4, relates to Ryan and only that issue will be addressed in this brief.

## INTRODUCTION

The contention of the Appellant in Issue 4 is that the mortgage that was granted by the Debtor to secure money loaned to him by his mother, through a vehicle known as Mt. Vernon Realty Trust, was a sham mortgage. The factual findings by the Bankruptcy Court that lead to the conclusion that the mortgage was valid can only be reversed if those findings are determined to be clearly erroneous. There is no such basis for reversal.

## FACTS

A portion of the record on appeal is the transcript of the hearing at which the Bankruptcy Court announced its findings of fact and rulings of law which occurred on June 2, 2005 (this

document will hereinafter be referred to as the Decision Transcript or D.T.).

The Bankruptcy Court found, as a matter of fact, that the intent of Margaret Stevens (the Debtor's mother) was to advance funds to the Debtor as a loan and to secure that loan and ultimately collect on it or to make an adjustment on -- in respect of any inheritances that might be directed toward her son in respect to the collection of that debt. D.T. p.6, lines 20-25 and p.7, lines 1-2.

The Bankruptcy Court specifically found that Mrs. Stevens did not intend and did not treat the advance of funds to her son through the Mt. Vernon Realty Trust as a gift, but rather again, reflected an intention to maintain and ultimately collect on that note and mortgage. D.T. p.7, lines 3-7. These findings of fact were not clearly erroneous. These were the only findings that could be gleaned from the trial testimony.

The following citations from the trial transcript of May 11, 2005 (hereinafter the "Trial Transcript" or "T.T.") buttresses the conclusion of the Bankruptcy Court.

Gary Peterson, the retired trust officer of Eastern Bank, testified that Mrs. Stevens intended to loan the money from the Trust to her son, Luke Stevens, to purchase the real estate known as 3 Crescent Court, Beverly, Massachusetts (hereinafter the "Real Estate"). T.T. p.45, lines 7-9.

Joseph F. Ryan, the attorney for Mrs. Stevens for many years testified that Mrs. Stevens was going to loan the money to

her son, Luke, to buy the Real Estate. T.T. p.75, lines 9-12. Mr. Ryan further testified that the funds were not intended to be a gift but rather as a loan which is why the promissory note and mortgage documentation was executed. T.T. p.78, lines 1-7.

There was undisputed testimony that it was the funds which emanated from one of Margaret Stevens' trusts that funded the purchase of the Real Estate by the Debtor. T.T. p.80, lines 3-8. Mr. Ryan also testified that the reason for the mortgage was to secure the funds loaned to the Debtor to purchase the Real Estate. T.T. p.81, lines 9-17.

Mr. Ryan further testified that the funds were not a gift and that, in his opinion, Mrs. Stevens does not intend to forgive the debt to her son. T.T. p. 83, lines 1-9 and p.85, lines 15-21.

ARGUMENT

The Appellant argues that the mortgage was a fraudulent conveyance and that the Debtor transferred an interest in an unencumbered asset. That position is factually inaccurate. At the time that the cause of action to the Appellant arose but prior to the filing of litigation therein, Mr. Stevens did not own the Real Estate. The Debtor purchased the real estate with the assistance of his mother lending him the funds for the purchase price. This contemporaneous exchange did not result in Mr. Stevens taking what had been an unencumbered asset and encumbering the Real Estate with a sham mortgage. The balance

4

sheet of the Debtor and therefore his ability to pay the ultimate judgment to the Appellant was not changed as a result of this transaction. Thus, the fraudulent conveyance argument fails.

The assertion of the Appellant that the funds advanced from his mother were intended to be a gift are clearly incorrect. Mt. Vernon Realty Trust being established as the vehicle under which Mrs. Stevens, for privacy purposes, actually made the loan does not render the transaction a gift rather than a loan. Standard lending documentation was executed and recorded. While it is true that Mrs. Stevens has instructed her representative to take no action to collect the debt from the Debtor, that situation does not make the debt any less due and owing.

The Debtor would not have been able to purchase the Real Estate without the loan of funds from his mother's trust.

The Appellant cites M.G.L. c.109A, §5(a)(1) indicating that this mortgage was done with the actual intent to hinder, delay or defraud the Appellant as a creditor. Citing <u>Hasbro, Inc. v. Serafino</u>, 37 F.Supp.2d 94, 97-98 (D.Mass. 1999).

The flaw with the Appellant's position is that in acquiring the Real Estate, Mr. Stevens could not have purchased that Real Estate without the funds being loaned to him by his mother. This is not a parcel of Real Estate which he previously owned with no equity and then granted his mother a mortgage. His mother loaned the funds in order to enable the Debtor to purchase the Real Estate.

The fact that Mrs. Stevens has not instituted any collection activity against the mortgage to her son does not render this a fraudulent conveyance or a sham mortgage. The evidence is also unequivocal that she loaned the funds to her son. The evidence is unequivocal that those funds went to purchase the Real Estate which is the residence of her son. Delaying the collection thereof is not the equivalent of a gift.

The facts and circumstances surrounding the Debtor's purchase of the Real Estate was a typical real estate transaction except that the lender was his mother who wished to maintain privacy by the formation of a realty trust. Without his mother's loan, Mr. Stevens could not have purchased the Real Estate and therefore would not have owned this asset. The Appellant, who would eventually become a creditor of Mr. Stevens, cannot argue any harm by the purchase of the Real Estate because without the loan from his mother, Mr. Stevens would not have been able to purchase the Real Estate. The Plaintiff is seeking a windfall since had Mrs. Stevens not advanced the funds for the purchase of the Real Estate, Mr. Stevens would not own the Real Estate.

While there were discrepancies in the paperwork involved in the Real Estate transaction relative to the name of the lender, those discrepancies do not change the simple fact that Mrs. Stevens, through one of her trusts, loaned the funds to her son to enable him to buy the Real Estate.

The case of <u>Millett v. Temple</u>, 280 Mass. 543, 548-549 and 551-552 (1932) which held that forgiveness of a loan constitutes

a gift is not applicable in this case since the evidence is unequivocal and Mrs. Stevens has not forgiven and does not intend to forgive the loan.

Gift is defined in Black's Law Dictionary as a voluntary transfer of property to another made gratuitously and without consideration, citing Bradley v. Bradley, Tex.Civ.App. 540 S.W.2d 504, 511.  Essential requisites of a gift are capacity of donor, intention of donor to make the gift, completed delivery to or for donee and acceptance of gift by donee.

Ryan respectfully states that the transaction was not a gift but rather contained all the earmarks of a lending transaction and was a lending transaction.

Donative intent requires that the donor of the gift intends to transfer ownership of the property in question with no consideration received in return.

Ryan asserts that the overwhelming evidence is that this transaction was a loan transaction.

Trial testimony indicates a gift of the magnitude of this transaction, namely $172,000.00, would require the filing of a federal gift tax return.  The evidence indicated that no such gift tax return was filed.

Joseph F. Ryan, the attorney who represented Mrs. Stevens, testified that there was no donative intent.  The lack of collection activity on the note and mortgage regarding the Real Estate does not indicate a donative intent.  The settlement statement did contain an acknowledged error, namely the correct

7

name of the lender. However, that error would not change this transaction from a loan to a gift.

Mr. Peterson, the former trust officer at Eastern Bank, indicated that the funds for the purchase of this Real Estate emanated from Margaret Stevens (the Debtor's mother) through a family trust. None of the representatives of Eastern Bank nor Mr. Lundgren, the Appellant, provided any evidence that the funds used to purchase the Real Estate were intended as a gift. There was only testimony as to why Mrs. Stevens would not authorize either Eastern Bank, as the Trustee of her trust or anyone else on her behalf, to commence foreclosure proceedings on her son's home.

There was a promissory note and mortgage which evidenced this transaction, the promissory note containing an interest provision. These documents are indicative of a lending transaction and not a gift. Appellant's Trial Exhibit 12 contains language in that letter from Mrs. Stevens to Gary Peterson at Eastern Bank that she wished to loan her son sufficient funds to purchase the Real Estate.

Trial Exhibit 14 submitted by the Appellant clearly indicates no intent to forgive the $172,000.00 note which was the note evidencing the advancement of funds to enable the Debtor to purchase the Real Estate.

There is no dispute that $172,000.00 was paid to the seller of the Real Estate (who was not related to the Debtor or Mrs. Stevens) to allow Mr. Stevens to purchase same. These funds were

loaned by Mrs. Stevens through her trust in order to protect her privacy. There is no evidence of any intent to defraud the Appellant. Pursuant to Trial Exhibit 7 of the Appellant, the Real Estate was purchased on May 28, 1997. The litigation was not filed by the Appellant until June 16, 1997. (See Plaintiff's Exhibit 1) The provision in the joint pre-trial statement that if he (the Debtor) was unable to pay the mortgage note that it would be credited against his share of his mother's estate does not change the facts in this case. Actual funds were loaned by Mrs. Stevens to enable the Debtor purchase the Real Estate.

CONCLUSION

The evidence is overwhelming that this was a lending transaction and not a gift. The note and mortgage were not a sham. Good and valid consideration was advanced in order to allow the Debtor to purchase the Real Estate from an unrelated third party. The judgment of the Bankruptcy Court upholding the mortgage should be upheld.

9

              Respectfully submitted,
Joseph M. Ryan, Trustee
Of Mt. Vernon Realty Trust
By his Counsel,

Dated: August 29, 2005

_____
Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)
gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Brief has been served, by regular United States mail, postage prepaid, upon William H. Harris, Esq., Counsel to William Lundregan, 100 Cummings Center, Suite 339C, Beverly, Massachusetts 01915 and Luke Stevens, 3 Crescent Court, Beverly, Massachusetts 01915.

Dated: August 29, 2005

_____
Gary W. Cruickshank, Esq.